IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEVEN RAY PARSLEY,**

   Petitioner,

 vs.           Civil Action 2:16-cv-645
               Criminal No. 2:08-cr-0167
               CHIEF JUDGE SARGUS
               Magistrate Judge King

**UNITED STATES OF AMERICA,**

   Respondent.

## REPORT AND RECOMMENDATION

   Petitioner Steven Ray Parsley, a federal prisoner, brings this action to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This matter is now before the Court on Petitioner's *Motion to Vacate* (ECF No. 35), and on Respondent's *Answer* (ECF No. 38). Although Petitioner was advised of his right to file a traverse, *see Order* (ECF No. 36), he has not done so. For the following reasons, it is recommended that the *Motion to Vacate* be dismissed.

   Petitioner pleaded guilty, pursuant to a plea agreement, to charges of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). *See Plea Agreement* (ECF No. 16). The *Presentence Report* calculated the applicable guideline range of 63 to 78 months based on an offense level of 19, which included a 2-level enhancement "for reckless endangerment during the flight." *Sentencing Transcript* (ECF No. 33, PageID# 119). Neither

1

party objected to that calculation. *See Defendant Steven Ray Parsley's Sentencing Memorandum* (ECF No. 23); *Government's Sentencing Memorandum* (ECF No. 24); *Sentencing Transcript* (ECF No. 33, PageID# 119). On March 26, 2009, the Court entered judgment sentencing Petitioner to an aggregate term of imprisonment of 71 months. *Judgment* (ECF No. 26). In particular, the Court adopted the presentence investigation report without change. *Statement of Reasons* (ECF No. 27)(filed under seal). Petitioner did not file an appeal from that judgment.

The *Motion to Vacate* was executed by Petitioner on June 25, 2016, *id*. (PageID# 151), and was filed in this Court on July 5, 2016. *Id.* (PageID# 140). The *Motion to Vacate* presents a single claim: "I received 2 point enhancement for Reckless Endangerment for High Speed Chase." *Id*. (PageID# 143). Respondent contends that Petitioner's failure to present this claim on direct appeal forecloses the assertion of the claim in this collateral proceeding; Respondent also argues that, in any event, the *Motion to Vacate* was untimely filed. This Court agrees.

Ordinarily, claims that appear on the face of the record but which were not raised on direct appeal may not be raised on collateral review under 28 U.S.C. § 2255. *Bousley v. United States*, 523 U.S. 614, 621 (1996)(failure to challenge guilty plea). A procedural default resulting from the failure to present a claim on direct appeal may be excused, however, if the petitioner can demonstrate cause and actual prejudice, or his actual innocence. *Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Smith v. Murray*, 477 U.S. 527, 537 (1986). Here,

Petitioner's sentence was based, at least in part, on the two-level enhancement to the offense level that Petitioner now seeks to challenge. That enhancement is reflected in the record and could have been, but was not, the subject of a direct appeal. Petitioner has therefore procedurally defaulted this claim. Moreover, because Petitioner has not established cause sufficient to excuse his procedural default, and has not established his actual innocence, Petitioner has also waived this Court's consideration of the merits of his claim.

In any event, the *Motion to Vacate* was untimely filed. The statute of limitations applicable to motions to vacate under § 2255 is set forth in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the defendant does not pursue a direct appeal, the judgment becomes final upon the expiration of the period in which

the defendant could have appealed the judgment. At the time Petitioner was sentenced, that period was ten days. *See* Fed. R. App. P. 4(b)(1)(March 2009).

Judgment was entered in this case on March 26, 2009; that judgment therefore became final on April 6, 2009.[1] The statute of limitations expired one year later, on April 6, 2010. However, Petitioner waited more than six (6) years, until June 25, 2016, to execute his *Motion to Vacate*. The *Motion to Vacate* is therefore untimely. Moreover, petitioner neither claims nor presents evidence supporting a right to the equitable tolling of the statute of limitations. See *Holland v. Florida*, 560 U.S. 631, 648 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The *Motion to Vacate* was therefore untimely filed.

It is therefore **RECOMMENDED** that this action be dismissed.

**Procedure on Objections**

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

---

[1] The ten-day period for filing a notice of appeal from the March 26, 2009 *Judgment* would ordinarily expire on April 5, 2009. Because that day was a Sunday, Petitioner had until the next business day - April 6, 2009 - in which to file a timely notice of appeal.

must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                          *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                          United States Magistrate Judge

December 16, 2016